IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL JOHNSON, #02345931 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:22cv1043 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro Se* Petitioner Michael Johnson, an inmate confined in the Texas prison system, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Aileen Goldman Durrett for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### I.  PROCEDURAL BACKGROUND

Petitioner is challenging his Cooke County conviction for driving while intoxicated, third offense, Cause No. CR 20-00030. Petitioner was convicted and sentenced on April 19, 2021. He did not file a direct appeal, a petition for discretionary review, or a state application for writ of habeas corpus. (*See* Dkt. #1, p. 3.). Petitioner filed the instant petition on December 5, 2022.[1] The court did not order a response from the Director.

---

[1] A *pro se* prisoner's habeas corpus petition is deemed filed, for the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when the prisoner delivers the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Petitioner declared under penalty of perjury that he deposited the petition in the prison mailing system on December 5, 2022. (Dkt. # 1, p. 10).

1

## II.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one-year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Here, the appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. Because Petitioner did not appeal his conviction or file a petition for discretionary review, his conviction became final on May 19, 2021, thirty days after the trial court imposed his sentence and when the time for filing an appeal expired. *See Carter v. Dir., TDCJ-CID*, No. 6:16-cv-61, 2017 WL 10717734, at *2 (E.D. Tex. Nov. 9, 2017), *report and recommendation adopted*, No. 6:16-cv-61, 2019 WL 126889 (E.D. Tex. Jan. 7, 2019) ("When an inmate does not file a direct appeal, the conviction becomes final when the time for filing a notice of appeal has expired—which is thirty days."); *see also* Tex. R. App. P. 26.2(a)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150-51 (2012) (holding that state court judgment became final, thereby commencing one-year limitations period, when the time for seeking discretionary review in state's highest court expired); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th

2

Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals). Accordingly, the instant petition was due on May 19, 2022.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the "time during which a *properly filed* application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." (Emphasis added). The Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Petitioner did not file a state writ of habeas corpus, and therefore, statutory tolling does not apply. Thus, the federal petition is time-barred in the absence of any other tolling provisions.

The United States Supreme Court confirmed the AEDPA statute of limitations is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The petitioner bears the burden of proving he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period only in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). To qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, it should be noted the Fifth Circuit has expressly held that proceeding *pro se,*

illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process do not constitute extraordinary circumstances. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the court is aware dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996). Additionally, the Fifth Circuit has held that "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). To obtain the benefit of equitable tolling, Petitioner must also establish that he pursued habeas relief with "reasonable diligence." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Holland*, 560 U.S. at 653 (the diligence required for equitable tolling purposes is reasonable diligence).

On April 18, 2023, the court issued an Order giving Petitioner fourteen days to respond to the timeliness of his petition. (Dkt. #12). In his response, Petitioner does not contend that his petition was timely filed. (Dkt. #15). Instead, Petitioner argues that he is entitled to equitable tolling because the law library was closed during the COVID-19 pandemic, and he was unable to work on his case. (Dkt. #15, p. 1).

While it is undisputed that the COVID-19 pandemic has caused disruptions, Petitioner fails to specify how it prevented him from timely filing his § 2254 motion. Indeed, Petitioner does not

4

even allege any specific dates when the law library was closed or when his housing unit was on lockdown. A petitioner's failure to specify how the COVID-19 pandemic prevented him from timely seeking relief should result in the dismissal of his action with prejudice as time-barred. *See, e.g.*, *Tamayo v. Lumpkin*, No. SA-22-cv-01213-OLG, 2023 WL 3855079, at *3 (W.D. Tex. June 5, 2023); *Thames v. Dir., TDCJ-CID*, No. 4:21-cv-976, 2022 WL 19004344, at *3 (E.D. Tex. Sept. 15, 2022), *report and recommendation adopted sub nom. Thames v. Dir., TDJC-CID*, No. 4:21-cv-976-SDJ, 2023 WL 2465780 (E.D. Tex. Mar. 9, 2023); *Farley v. Dir., TDCJ-CID*, No. 4:21-cv-676, 2022 WL 2183305, at *3 (E.D. Tex. Apr. 20, 2022), *report and recommendation adopted*, No. 4:21-cv-676, 2022 WL 2181052 (E.D. Tex. June 16, 2022); *Tillson v. Director, TDCJ-CID*, No. 3:21-cv-789-X-BN, 2021 WL 2211351 (N.D. Tex. May 3, 2021). Petitioner provides nothing to show that COVID-19 prevented him from timely filing a § 2254 action, and absent evidence in the record, a habeas petition is not entitled to relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). "[T]he mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance' warranting the application of equitable tolling." *Young v. Mississippi*, No. 3:20-CV-736-TSL-RPM, 2021 WL 4190646, at * 5 (S.D. Miss Aug. 6, 2021), *report and recommendation adopted sub nom. Young v. Mississippi,* No. 3:20CV736TSL-RPM, 2021 WL 4189634 (S.D. Miss. Sept. 14, 2021); *see also Turner v. Mississippi*, No. 321CV00235MPMJMV, 2022 WL 125028, at *3 (N.D. Miss. Jan. 12, 2022); *United States v. Clay*, No. 2:20-236, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021).

Likewise, courts have found that intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute "extraordinary circumstances" warranting equitable tolling. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (unpublished) (finding temporary denial of access to research materials or the law library and

5

inadequacies in the prison law library are not extraordinary circumstances sufficient to warrant equitable tolling); *Delarosa v. Dir., TDCJ-CID*, No. 3:21-cv-2414-D-BK, 2022 WL 850041, at **2-3 (N.D. Tex. Feb. 22, 2022), *report and recommendation adopted sub nom. Delarosa v. Dir., TDCJ-CID*, No. 3:21-cv-2414-D, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (the petitioner presented no evidence that diminished library access "actually prevented" him from filing his federal petition; although it may have been more challenging for him to prepare the habeas petition and mail it, he did not establish that any pandemic-related circumstances prevented its filing); *Bradden v. Lumpkin*, No. 4:21-cv-126-O, 2021 WL 4866992, at *3 (N.D. Tex. Sept. 17, 2021) (finding access to some law library material—albeit on a limited and sometimes delayed basis due to the COVID-19 pandemic—and sporadic lockdowns were not grounds for equitable tolling); *Cruz v. Lumpkin*, No. 4:21-cv-610-P, 2021 WL 3710568, at **2-3 (N.D. Tex. Aug. 18, 2021) (concluding intermittent lockdowns, limited access to the prison law library, and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent the filing of the federal habeas petition and, thus, were not grounds for equitable tolling); *Soliz v. Dir., TDCJ-CID*, No. 6:21CV016, 2021 WL 3674105, at *3 (E.D. Tex. July 9, 2021), *report and recommendation adopted*, No. 6:21-cv-16-JDK-JDL, 2021 WL 3666058 (E.D. Tex. Aug. 18, 2021) ("Petitioner refers vaguely to a "hampered . . . ability to conduct legal research," but he does not allege any facts that establish that the alleged pandemic precautions actually prevented him from filing a timely habeas petition."); *White v. Dir.*, TDCJ-CID, No. 6:19-cv-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted*, 2021 WL 978760, at *1 (E.D. Tex. Mar. 16, 2021) (finding COVID-19 lockdowns and diminished library access did not prevent filing and, thus, did not justify equitable tolling); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not

justify equitable tolling as it did not actually prevent the petitioner from filing his habeas petition); *Coppin v. United States*, No. 3:10-CR0345-K91, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding series of institutional lockdowns did not constitute an extraordinary circumstance warranting equitable tolling).

Petitioner presents no evidence that diminished or lack of access to the law library "actually prevented" him from filing his federal petition. The § 2254 petition only requires a petitioner to state his grounds and identify specific facts supporting them, rather than to argue or cite case law. While it may have been more challenging for him to prepare the habeas petition and mail it, he has not established that any pandemic-related circumstances prevented its filing. Furthermore, Petitioner's lack of legal training does not constitute extraordinary circumstances. *Felder*, 204 F.3d at 173. In sum, Petitioner presents no evidence that "some extraordinary circumstance" stood in his way and prevented him from filing a timely federal petition.

Moreover, even in the context of the COVID-19 pandemic, a petitioner must provide sufficient evidence to determine whether he exercised diligence during "all time periods—before, during and after the existence of the COVID-19 pandemic." *Delarosa*, 2022 WL 850041, at *3 (quoting *Fitzgerald v. Shinn*, No. CV-19-5219, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020)); *accord Farley*, 2022 WL 2183305, at *4; *see also Clay*, 2021 WL 2018996, at *3 (collecting cases). Petitioner once again offers no evidence or explanation to demonstrate his "reasonable diligence" in pursuing his rights during the COVID-19 pandemic.

Finally, Petitioner's conclusory assertion that he "is not guilty of this trumped up charge" (Dkt. #15, p. 1) does not meet the demanding standard required by the United States Supreme Court to state a claim of actual innocence, which, if proven, serves as a gateway through which a prisoner may raise § 2254 claims despite expiration of the applicable limitations period. *See*

*McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Schlup v. Delo*, 513 U.S. 298 (1995). Claims of actual innocence must be based on new, reliable evidence establishing that, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329). Petitioner's claim that he is "not guilty" is conclusory and is not supported by any new, reliable evidence. Thus, Petitioner fails to make a sufficient showing of actual innocence to excuse the untimeliness of his § 2554 petition.

In sum, Petitioner failed to timely file his § 2254 petition, and he has not shown any valid basis upon which to equitably toll the statute of limitations or to excuse the untimeliness of his petition. Accordingly, the petition should be dismissed as time-barred.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's

8

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended the court find that Petitioner is not entitled to a certificate of appealability.

## IV. RECOMMENDATION

It is accordingly recommended that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice as time-barred. It is further recommended that a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of January, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE